CHAS. F. LONG, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 11981. Promulgated June 8, 1928.

*Jesse I. Miller, Esq.,* and *E. S. Parker, Jr., Esq.,* for the petitioner.
*Harold Allen, Esq.,* for the respondent.

## OPINION.

SIEFKIN: The petitioner admits the tax liability is correct as asserted by the respondent, but says that his return was not false or fraudulent with intent to evade the tax and that, therefore, the fraud penalty should not be approved and that, there being no fraud in the case, the statute of limitations bars collection, even of the tax liability. The explanation given by the petitioner for omitting the profit of $135,000 from his return is that—

The Southern Mirror Company had been paying the taxes on the income of the corporation in each and every year and I felt that if I gave it in and paid tax on it, that the Government would be collecting taxes on the same item twice, which I did not feel it was the intent of the Government to do.

This explanation was repeated at another point of the petitioner's testimony in almost identical language when he said:

Well, I did not feel that the Government expected me to do it inasmuch as the corporation had been paying income taxes each and every year on the earnings which we had allowed to accumulate, instead of paying out any dividends, feeling that if I did the Government would be collecting taxes on the same item twice, which I did not feel it was the intention of the Government to do.

The petitioner is a middle-aged intelligent business man. His testimony, we believe, is contrary to the facts and implies an ignorance inconsistent with his appearance and record. We do not believe the offered explanation or that the exclusion of the profit on the sale of stock from his return was the result of anything but a desire to evade taxes. We might further point out that no satisfactory explanation is offered as to the exclusion of the item of $2,500 compensation. No mention of either the profit of $135,000 or the $2,500 compensation is made on the return. If the petitioner had any doubts about these items being taxable income, it was his duty to disclose the facts upon his return. He did not do so and the conclusion is inescapable that he did not do so in the hope that the facts would never come to light.

Since we have found the return to be false and fraudulent with intent to evade tax, the deficiency and penalty are not barred.

Reviewed by the Board.

*Judgment will be entered for the respondent.*

MILLIKEN did not participate.