*Decision will be entered under Rule 50.*

Tanner Oil Co., Petitioner, *v.* Commissioner of Internal Revenue, Respondent.

Docket No. 24452. Promulgated September 12, 1930.

*L. E. Cahill, Esq.,* and *W. Leo Austin, Esq.,* for the petitioner. *Arthur Carnduff, Esq.,* for the respondent.

OPINION.

Lansdon: The respondent has asserted a deficiency in income and excess-profits tax for the year 1919 in the amount of $85,690.34, and in addition has determined a penalty for fraud of $42,845.17. At the hearing counsel for the petitioner stated that he did not desire to press his appeal and conceded the tax liability. The respondent has assumed his burden of proof as to the existence of fraud, which is the only issue in this proceeding.

The petitioner is an Oklahoma corporation, organized in 1912 to engage in the production of and operation for oil and gas. As of December 31, 1918, it had capital stock outstanding of a par value of $100,000, of which $75,000 had been issued for cash. The remaining $25,000 was issued for an oil and gas lease which had a nominal value and which was later written off as worthless.

During the taxable year the petitioner sold and assigned an oil and gas lease on 640 acres of Osage Indian land which it had ac-

quired in 1917, to the Dallas Osage Co., receiving therefor the amount of $350,000, which was paid by two checks, one for $75,000 and the other for $275,000, made to the order of "Willis B. Priestley and Chas. E. Jennings, agents for the Tanner Oil Company." Both checks were indorsed and deposited in the First National Bank of Kansas City to the account of E. F. Swenney, president of that bank, who was later instructed as to the distribution of the money. The petitioner paid $40,000 as commission for negotiating the sale to various individuals who had helped to close the transaction.

The respondent has determined that the cost of the lease, including development expense, amounted to $104,205.32, that depletion and depreciation of $13,233.65 had been previously allowed, and that the petitioner realized a profit from the sale of $219,005.20. On its income-tax return for 1919 the petitioner reported profit from the sale of $30,080.18, which is in accordance with its books where the sale price appears as $131,530. Total net income reported for the year 1919 was $35,381.80.

Throughout the period of operation of the Osage lease, all expense of development was paid by the petitioner. Payments for all oil produced from the lease were received by the petitioner, except, of course, that portion accruing to the royalty interest. The petitioner now alleges that only a portion of the lease belonged to it and that the remainder belonged to its president, Willis B. Priestley. Since the petitioner has the burden of the proof as to the tax liability and since it has produced no evidence, such contention must fail. All of the facts contained in the documentary evidence and testimony introduced by the respondent in support of the fraud penalty indicate that petitioner owned all of the lease sold. It is clear that the sale price was received for the corporation by Priestley and Jennings as its agents. We are not concerned with the disposition of the money thereafter.

The petitioner realized a profit from the sale of the lease in an amount equal to the difference between the cost and the selling price, less commissions paid, and it grossly understated its income when it returned as profit therefrom the amount of $30,080.13. We are of the opinion that a gross understatement of income, such as is proved in this proceeding, is sufficient to sustain the fraud penalty. See *Cooper* v. *United States*, 9 Fed. (2d) 216; *Harry W. Dubiske*, 17 B. T. A. 853; *Ernest Miller*, 15 B. T. A. 811; and *Chas. F. Long*, 12 B. T. A. 488.

Reviewed by the Board.

*Decision will be entered for the respondent.*