JOSEPH CARRORO (JOHNNY DUNDEE) AND WIFE, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

JOSEPH CARRORO (JOHNNY DUNDEE), PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 41732, 61598.   Promulgated December 27, 1933.

*Lawrence P. Mattingly, Esq.*, for the petitioners.
*Bruce A. Low, Esq.*, for the respondent.

### OPINION.

SEAWELL: The petitioners, Joseph Carroro, sometimes called Johnny Dundee, and Lucile Carroro, were at all times material herein, man and wife, living together in or near New York City. He was a professional boxer and prize fighter, and was the owner, or part owner, of several racing horses which he raced for prizes or purses during some of the years involved, as hereinafter noted.

She was an habitual gambler at horse races, betting money on races of her husband's horses and other horses, and she was also a speculator and investor in securities.

The Commissioner having determined deficiencies in income taxes of the petitioners for the years 1920 to 1925, inclusive, mailed to them a deficiency notice on October 4, 1928, from which they appealed to the Board of Tax Appeals and seasonably filed their joint petition, signed by Joseph Carroro and verified by him alone, but signed by the counsel who represented both petitioners throughout the hearing and is still their counsel of record. On December 10 and 31, 1928, and April 19, 1929, petitioners filed amended petitions verified and signed in the same way. Subsequently, on motion of said counsel for petitioners, the proceeding was dismissed as to the years 1920, 1921, and 1922 upon the ground that the income tax returns for those years, upon which the proceeding was based in part, were not joint returns of the petitioners as husband and wife, but the separate returns of Joseph Carroro. The proceeding as to the years 1923, 1924, and 1925 was continued and is Docket No. 41732. Later, on December 24, 1931, the Commissioner mailed a new deficiency notice to Joseph Carroro and reasserted the deficiencies previously asserted against him for the years 1920, 1921, and 1922, and petitioner seasonably filed his petition with the Board in reference thereto and the proceeding is Docket No. 61598. For all the years involved in both proceedings the Commissioner asserted against the petitioners the 50 percent fraud penalty as provided in section 250 (b) of the Revenue Acts of 1918 and 1921, and in section 275 (b) of the Revenue Act of 1924. The proceedings were consolidated for hearing and report.

*Docket No. 61598—1920, 1921, and 1922.*—These years involve Joseph Carroro alone and concern asserted deficiencies in his income tax as follows:

| | |
|---|---|
| 1920 | $10,367.62 |
| 1921 | 13,445.78 |
| 1922 | 19,003.59 |

The petitioner pleaded and relies solely upon the statute of limitations for his defense. Respondent offered no waiver in evidence, but on the issue of the statute of limitations relies solely upon his allegation and the supporting evidence that the petitioner's returns for the years were false and fraudulent and made with intent to evade tax.

The burden of proof is on the respondent, and from the testimony offered it appears, and we so find, that in his income tax returns for the three years mentioned petitioner's gross income is reported in lump sums and as derived solely from professional boxing, in the

amounts of $25,000, $55,000, and $65,000 for the respective years. Likewise, the claimed deductible expense of his professional boxing business for each year is therein reported as a lump sum in the amounts of $15,000, $20,000 (together with $15,000 loss in a musical comedy), and $30,000, respectively. In neither the year 1920, nor the year 1921, when he claims a deductible loss of $15,000 on account of the musical comedy, is any gross income reported from that business. The evidence discloses and from it we find that the petitioner had gross income from race track winnings in 1920 of at least $8,800, and in 1921 of at least $10,250, none of which was reported in any of his income tax returns. The evidence also discloses and from it we find that in each of the three years here under review petitioner had other income from dividends and interest on bank deposits of at least $114 in 1920, $735 in 1921, and $237 in 1922, none of which was reported in his income tax returns for those years. We find also that petitioner deposited in bank in 1922 not less than $30,134. No evidence was offered by petitioner attempting any explanation of or excuse for the omissions from reported income of the items stated, or explanation of his bank deposit and the lump sums reported as income and as deductible expense. We do not mean to imply that income and deductions may not be stated in round lump sums, if they are such in fact; but a continuous recurrence of such items year after year seems so unusual that an explanation or some corroboration would ordinarily be produced if available. We hold merely that it is a circumstance to be considered with the other evidence.

Petitioner, through his counsel, contends, however, that the evidence of the respondent at the hearing did not show petitioner's income from boxing as great as that reported by him in his returns, and that respondent's evidence of income from boxing added to the proved items of income omitted from the returns did not amount to as much as the sums included in the returns by petitioner as income from boxing. Petitioner, from this circumstance, argues that the respondent has failed to show an understatement of income and, therefore, has failed to carry the burden of proof required to show that the returns were fraudulent. We think this argument fallacious in that in the trial of the issue of fraud it does not permit respondent to rely, as he may, upon the statement of petitioner, made under oath in his returns, which were in evidence, that his income from boxing was as much as reported by him.

Upon consideration of all the evidence we are convinced and hold that each of the returns for the years 1920, 1921, and 1922 were false and fraudulently made, with intent to evade tax, and accordingly we sustain the respondent in respect to both the penalty and the statute of limitations. *D. C. Clarke*, 22 B.T.A. 314.

*Docket No. 41732—1923, 1924, and 1925.*—These years involve both petitioners and concern deficiencies asserted in their income tax as follows:

| | |
|---|---|
| 1923 | $13, 089. 21 |
| 1924 | 5, 610. 12 |
| 1925 | 3, 820. 91 |

with 50 percent penalties added because of alleged fraudulent returns made with intent to evade tax.

Petitioners at the outset contend the Board is without jurisdiction to hear and determine their tax liabilities for these years. The petitioner, Lucile Carroro, in her testimony at the hearing denied that she knew of or consented to her husband including her income with his in a joint return. Jurisdiction is wanting, therefore, they say, because no deficiency has been determined against them within the meaning of section 272 of the Revenue Act of 1928, for the respondent has " determined one tax liability predicated on the combined incomes of two taxpayers." This contention was also made by them prior to the hearing in a motion to dismiss the proceeding, but it was then denied. It is apparently based upon a misapprehension of the situation involved and the law applicable thereto. Within the time provided by statute the petitioner Joseph Carroro filed income tax returns for each of the years and in each return stated that it was a joint return of himself and wife. Notice of deficiency was thereafter mailed by the respondent to each of the petitioners and was received by them, and their joint petition on appeal to the Board of Tax Appeals was filed by them within the 60 days provided by statute. To the joint petition so filed was attached a copy of the respondent's notice of deficiency in which his determination of the taxable income of each petitioner for the several years here under review was stated separately and also stated in the aggregate.

Section 223 (b) of the Revenue Acts of 1921 and 1924, the statutes applicable here, is as follows:

(b) If a husband and wife living together have an aggregate net income for the taxable year of $2,500 or over, or an aggregate gross income for such year of $5,000 or over—

(1) Each shall make such a return, or

(2) The income of each shall be included in a single joint return, in which case the tax shall be computed on the aggregate income.

These petitioners were husband and wife living together during the years involved, and they had an aggregate net income for each of those taxable years of $2,500 or over and an aggregate gross income of more than $5,000. It would, therefore, appear that a single joint return for each of the years named, as made by the husband, was proper. *McIntosh* v. *Wilkinson*, 36 Fed. (2d) 807. As

to the years here involved, unless Lucile Carroro's income was returned with that of her husband as indicated, her income was not reported, in which case the respondent has the right and duty to mail the deficiency notice to her and assess and collect the tax and the penalty provided by the statute in cases where a taxpayer fails to file a return. She is therefore not in any position to complain. For, whether she participated in the returns or they were made solely by her husband without her knowledge or consent, she would nevertheless be liable for the taxes under the law. Both she and her husband had the deficiency notice and filed their joint petition. Under these circumstances we hold that we have jurisdiction of the proceeding and of both petitioners. If there are here two proceedings instead of one, as petitioners seem to contend, it might have been proper, if timely motion had been made, to have separated the two proceedings, but not to dismiss either. And where the husband, under the circumstances here present, filed a joint return for himself and wife, without objection of the wife, who failed to file a separate return, it will be presumed the joint return was·filed with the tacit consent of the wife, and she will not be heard to the contrary after joint petition has been filed with the Board of Tax Appeals. *Grant* v. *Rose*, 24 Fed. (2d) 115.

The only evidence offered by the petitioners was that of petitioner Lucile Carroro, herself. Her evidence, for the most part, was vague, inconclusive, lacking in details and without corroboration. She testified she had securities and money of her own in bank, commingled with other money and securities of her mother, her daughter, her aunt, and her uncle, all in her name; but no attempt was made to determine definitely the amount of the whole or of the separate interest of herself or that of any of the others. She testified that the interest on bank deposits in her name, and the money won by her on bets on horse races amounted to ten or twelve hundred dollars in each of the years 1923, 1924, and 1925, and that after payments to others named, she " imagined seven or eight hundred dollars " a year was her part; and that she was of opinion her income in said years was not more than $1,000 a year, because at the end of the year she was out of money. Her deposits in bank, as shown by other evidence in the case, were: for 1923, $17,785.33; for 1924, $28,823.27; and for 1925, $23,108.68. None of her relatives mentioned as having interests in her bank deposits nor any officer or employee of any bank where she had deposits was called or offered as a witness for petitioners, and there was no explanation of the failure so to do. The evidence offered at the hearing is not sufficient to overcome the presumption of the correctness of respondent's

determination of the deficiencies in income tax of the petitioners, and we so hold.

It remains for us to determine whether, under the facts appearing from the evidence offered by the Commissioner, the petitioners are subject to the 50 percent penalty asserted against them for all or any of the years here under review. This depends, as in the former years hereinbefore considered, upon whether the returns understated income or overstated expense or other deductions in such manner as to render them false or fraudulent and to justify the conclusion that they were made with intent to evade tax.

Considering the years separately, we find from the evidence that for the year 1923 there was reported in the returns of the petitioners gross income in the sum of $46,750, derived from 13 boxing exhibitions of Joseph Carroro. The evidence discloses, and from it we find, that the income of Joseph Carroro from boxing during 1923 at *six* exhibitions aggregated more than $50,000; also, that he had income from interest and dividends of $458.48, but reported only $300 from this source in the returns. During the year Joseph Carroro deposited with the Manufacturers Trust Co. of New York the sum of $83,209.57, and during the same year petitioner Lucile Carroro, as above stated, deposited in the same bank $17,785.33, and she had income from interest during the year of $40. There was nothing reported in the return as income for the year of petitioner Lucile Carroro. There was no explanation, or mitigating or exculpatory evidence offered with reference to the joint return of petitioners for the year 1923, except the evidence of Lucile Carroro hereinbefore stated. We sustain the respondent as to the 50 percent penalty asserted for the year 1923. *Tanner Oil Co.*, 20 B.T.A. 794.

For the years 1924 and 1925 respondent's evidence as to Joseph Carroro's individual income agrees substantially with the amount reflected in the income tax returns and fails to show understatement of his income. But the returns were joint and they failed to include any of Lucile Carroro's income for those years. The evidence disclosed that during the respective years she deposited in the Manufacturers Trust Co., a bank in New York, the sums of $28,823.27 and $23,108.68. She also testified she had gross income, not reported in the returns, from bets on horse races, from interest on bank deposits, and dividends during each of these years. It was the duty of petitioners to report these items of income in the joint returns filed, and failure to do so constitutes evidence of fraud. No attempt to explain or show mitigating circumstance was made at the hearing by the petitioners, except as shown in the above evidence of Lucile Carroro. Her evidence rather confirmed respondent's contention. From these circumstances and all the other evidence produced at the hearing we are convinced of the presence of the fraud asserted, and,

therefore, also sustain the respondent in the addition of the fraud penalties for the years 1924 and 1925. *M. Rea Gano*, 19 B.T.A. 518.

Reviewed by the Board.

*Judgment will be entered for the respondent.*