Abraham Freitag and Eva Freitag, His Wife v. Commissioner.
Freitag v. Commissioner
Docket No. 9018.
United States Tax Court
1948 Tax Ct. Memo LEXIS 268; 7 T.C.M. (CCH) 26; T.C.M. (RIA) 48005; January 23, 1948
Martin Schwaeber, Esq., for the petitioners. William F. Evans, Esq., for the respondent. HARRON Memorandum Findings of Fact and Opinion HARRON, Judge: The Commissioner determined deficiencies in income and victory tax and penalties as follows: Year
Deficiency
Penalty
1943
$72,508.51
$54,381.39
1944
33,830.42
18,606.73
The deficiencies and penalties were assessed under the provisions of the Internal Revenue laws applicable to jeopardy assessments. In the statement attached to the notice of deficiency, the respondent stated as follows: "This determination of your income and victory tax liability is made upon the basis of information from the file in the Bureau. "The fifty per cent penalty is asserted in accordance with the provisions of section 293(b) of the Internal Revenue Code. "Inasmuch as you failed to file a return for the taxable year 1943 and since your return for the taxable year 1944 was not filed within the time prescribed by law, twenty-five and five per centum, respectively, of the tax has been added thereto in accordance with the provisions of *270 section 291(a) of the Internal Revenue Code. "The Deficiencies and penalties disclosed herein were assessed with interest under the provisions of section 273 of the Internal Revenue Code on First New York Special No. 3 List, dated March 31, 1945." The petitioners filed a petition appealing from the determinations of the respondent for the years 1943 and 1944 in which it is stated that the petitioners resided in Brooklyn, New York, and that the return for the year 1944 was filed with the collector for the second district of New York. The petitioners, in their petition, denied that they had received income in the years 1943 and 1944 in certain amounts; they alleged that no penalties should accrue for the year 1943 because petitioners had no taxable income for that year, and that no penalty should accrue against the petitioners for the year 1944 because the petitioners had no taxable income in addition to the income reported in the return which was filed for the year 1944, and that there should be no penalty for lateness in filing the return for 1944. The respondent, in his answer, made affirmative allegations in support of imposition *271 of the penalties under sections 293(b) and 291(a) of the Internal Revenue Code. The respondent alleged that the petitioners had received certain income during the taxable years 1943 and 1944 which they had willfully and fraudulently failed to report with intent to evade the payment of tax. This proceeding was placed upon the circuit calendar for New York City beginning October 6, 1947, and was called from the calendar for trial. Petitioners failed to appear. They advised the Court that they would default. The respondent offered evidence in support of his affirmative pleadings. The record in this proceeding includes testimony of witnesses for the respondent, and various exhibits which were received in evidence. Findings of Fact Petitioners are husband and wife. Petitioners filed a joint income tax return for the calendar year 1944 on April 16, 1945. The respondent, through a collector, granted petitioners extension of time to April 15, 1945, within which to file an income tax return for the year 1944. The return was filed one day late. The petitioner, Abraham Freitag, did business as an individual under the name of Bias Coaters Company. Also, he owned *272 all of the stock of a corporation known as Bias Coating Corporation. The address of Bias Coaters Company and Bias Coating Corporation was the same, 35 York Street, Brooklyn, where a plant was operated in the manufacture of bandages. Abraham Freitag also owned stock of Korex Company which was organized in 1943. Corporation income and declared value excess profits tax returns, Form 1120, were filed for Bias Coating Corporation for the years 1943 and 1944. The return for 1943 reported gross sales $104,393.93, gross income $9,456.14, total expenses $10,693.03, and net operating loss of $1,236.89. The return for the year 1944 gave a New York City address for the corporation and reported it as inactive. The return reported no profit and no taxes due. On March 28 and March 29, 1945, proceedings were instituted by the United States Attorney in the United States District Court for the Southern District of New York, by filing of information in the following causes: United States v. Abraham Freitag and Harry Washer, Defendants, Docket No. C120-84; United States v. Bias Coating Corporation, Abraham Freitag and Harry Washer, Defendants, Docket No. C120-85; and United States v. Bias Coating *273 Corporation and Abraham Freitag, Docket No. C120-111. The defendants were charged in the respective complaints with violation of certain Federal statutes relating to regulation of priorities and failure to keep records required by law in Title 50, Appendix Section 633, U.S. Code, and the rules, regulations, and orders issued pursuant thereto; and with making willful and unlawful sales of finished piece goods to various concerns for stated prices which constituted higher prices per yard than the maximum price per yard for finished piece goods set forth in Maximum Price Regulations under Title 50, Appendix Section 901 et seq., United States Code, and in Maximum Price Regulation No. 127 and amendments thereto. Respondent's Exhibits E, F, G, and H, copies of the complaints filed against the above-named defendants, and of the judgments of the court are incorporated herein by this reference. Abraham Freitag pleaded guilty on certain counts for himself and Bias Coating Corporation. In the proceeding against Freitag and Washer, defendants, Docket No. C120-84, Freitag pleaded guilty, on May 25, 1945, to 15 charges, including that of failure to keep complete records of sales, prices received, *274 and all matters necessary to verify maximum prices received. By his plea of guilty, Freitag admitted making sales of finished piece goods during 1943 in the aggregate of 191,553 yards for the total price of $54,244.63; and making sales in 1944 of 104,301 1/4 yards for $26,777.98. In the proceeding against Bias Coating Corporation, Freitag, and Washer, defendants, Docket No. C120-85, Bias Coating Corporation by Freitag, president, and Freitag pleaded guilty, on May 25, 1945, to ten charges, including failure to keep complete records. By the plea of guilty, the corporation and Freitag admitted making sales of finished piece goods in 1943 and 1944 as follows: 1943, 24,287 yards for $8,014.71; 1944, 229,435 yards for $48,185.55. In the proceeding against Bias Coating Corporation and Freitag, Docket No. C120-111, Bias Coating Corporation and Freitag, on May 25, 1945, pleaded guilty to 20 charges. By the plea of guilty, the corporation and Freitag admitted to making purchases of various goods such as sheeting, nainsook and muslin in violation of priorities regulations during 1942, 1943 and 1944 as follows: 1942
14,490
yards of Gonic cloth
370,538
yards of Sheeting
1943
50,307
yards of Alwyn cloth
58,280
yards of Printed Percales
102,408
yards of Muslin
302,872
yards of Print cloth
401,074
yards of Nainsook
750,836
yards of Sheeting
1944
50,093
yards of Muslin
642,664
yards of Bleached Nainsook
451,006
yards of Sheeting
Recapitulation of Purchases for
1942, 1943, 1944
1,572,380
yards of Sheeting
1,043,738
yards of Nainsook
302,872
yards of Print cloth
152,501
yards of Muslin
123,077
yards of Gonic, Alwyn and Percales
3,194,568
yards of goods
*275 Recapitulation of Sales of Goods and Receipts 1943
191,553
yards finished goods for
$54,244.63
24,287
yards finished goods for
8,014.71
215,840
yards finished goods for
$62,259.34
1944
104,301 1/4
yards finished goods for
$26,777.98
229,435
yards finished goods for
48,185.55
333,736
yards finished goods for
$74,963.53
The United States District Court entered Judgments and Commitments on May 31, 1945 against Bias Coating Corporation and Freitag, co-defendants, imposing fines aggregating $70,000; and committing Freitag to imprisonment for one year on each charge, to run concurrently in C120-84, and in C120-85 to run consecutively after service of sentence in C120-84; and to imprisonment for one year on each charge in C120-111, to run concurrently. On June 18, 1945, Freitag was imprisoned at Danbury, Connecticut. Petitioner, Eva Freitag, had an account during the year 1943 with a branch of the Manufacturers Trust Company located at 209 Montague Street, Brooklyn. Deposits were made in this account, according to deposit slips, as follows: October 8, 1943
$ 6,500
October 14, 1943
5,000
October 22, 1943
5,000
October 25, 1943
8,000
October 25, 1943
300
Total
$24,800
*276 During 1943 and 1944 two accounts were maintained with The Merchants Bank of New York in the names of Bias Coating Corporation (the corporation) and Bias Coaters Company (the sole proprietorship). Checks were drawn on each of these accounts which were signed for the corporation and for the sole proprietorship, respectively, either by Abraham Freitag or Eva Freitag. During 1943 and 1944, some of the checks which were drawn on the account of Bias Coaters Company, the sole proprietorship, were made payable to cash or to Abraham Freitag or Eva Freitag as follows: May 7, 1943 Mrs. Eva Freitag (endorsed by same)
$ 100
June 9, 1943 A. Freitag (endorsed by same)
60
Sept. 3, 1943 A. Freitag (endorsed by same)
200
Nov. 11, 1943 A. Freitag (endorsed by same)
100
April 27, 1944 Cash (endorsed by E. Freitag)
4,000
May 26, 1944 Cash (endorsed by A. Freitag)
550
June 15, 1944 Cash (endorsed by E. Freitag)
2,000
During 1943 checks were drawn on the account of Bias Coating Corporation, the corporation, which were made payable to cash or to Abraham Freitag as follows: June 20, 1943 Cash (endorsed A. Freitag)
$ 930
May 7, 1943 Abraham Freitag
50
May 14, 1943 A. Freitag
75
June 9, 1943 A. Freitag, Spec.
1,000
*277 Other withdrawals were made from each of the above-described bank accounts for the personal use of petitioners. Investigation was made of the business activities of Abraham Freitag, Eva Freitag, Julius Levine, the father of Eva Freitag, Bias Coaters Company, and Bias Coating Corporation for the years 1943 and 1944 by two agents of the Bureau of Internal Revenue. The investigation extended over a period of 90 working days. The activities of Harry Washer, an individual who disposed of materials for the above-named persons and concerns, were investigated also. The investigations showed that Abraham Freitag did business through Bias Coating Corporation and Bias Coaters Company, and that he did business under the name of Abraham Freitag. During 1943 and 1944 the activities of Abraham Freitag consisted of transactions with respect to the manufacture and sale of bandages and cotton goods and muslin. He purchased material which he was supposed to have manufactured into bandages for Government contracts, and he maintained a storage place where he stored materials which he acquired under priorities which were subsequently sold and from the sales of which income was derived during 1943 *278 and 1944. At the time of the investigation, the records maintained by Abraham Freitag were in such state that it was impossible to determine accurately the income derived from the various transactions. Because of the state of the records, the revenue agents canvassed all of the cotton goods houses in New York City to determine the purchases of materials and where materials were sold, and they secured the records of various people. On the basis of such investigation the revenue agents reconstructed sales, cost of sales, and operating expenses for 1943 and 1944. They determined that the total sales made by Bias Coating Corporation, Bias Coaters Company, Abraham Freitag, Eva Freitag, and Julius Levine amounted to $459,826.52 for the year 1943, that the cost of the sales amounted to $327,763.87; that overhead and operating expenses amounted to $38,855.02, and that the resulting profit for 1943 was $93,207.63. The revenue agents found that the gross sales for 1944 amounted to $186,802.18, cost of sales amounted to $77,246.52, operating expenses amounted to $22,106.64, and profit amounted to $87,449.02. Some records were kept by Bias Coating Corporation and Bias Coaters Company, but *279 these records did not actually contain all of the transactions entered into by either concern or by Abraham and Eva Freitag, and Julius Levine. The revenue agents determined that no individual income tax returns were filed by either Abraham or Eva Freitag for the year 1943. They determined further that the joint income tax return for 1944 which was filed by the petitioners understated the income of the petitioners for the year 1944. The revenue agents determined that income for the years 1943 and 1944 as reported in the returns filed by Bias Coating Corporation did not reflect certain transactions entered into by Abraham and Eva Freitag, and others. The revenue agents found during their investigations that Harry Washer, an individual, carried on business transactions for Abraham Freitag, Bias Coating Corporation, Bias Coaters Company, Eva Freitag, and Julius Levine. The services performed by Harry Washer were disposing of goods. During 1943, Harry Washer disposed of goods from the sales of which he received the net amount, after his commissions, of $280,190.33; and he disposed of goods during 1944, from the sales of which he realized the net amount of $138,164.73. Washer turned *280 over the above sums either to Bias Coating Corporation, Bias Coaters Company, Abraham Freitag, Eva Freitag, or Julius Levine. The goods sold by Washer consisted of uncut yardage, cotton goods. The revenue agents found during the course of their investigations that Washer disposed of some materials for Freitag by making sales to Oxford Handkerchief Company, A. Rubio, and Dardebwan Trading Company; and that S. Woolman, Inc., and Elson Company sold goods to Freitag. The percentage of profit made on the sales of yardage goods by Washer ran from 33 1/3 per cent to 100 per cent. Harry Washer resided in Brooklyn and maintained a place of business at his residence. His business was that of salesman of cotton goods. He sold cotton goods for Abraham Freitag during 1943 and 1944. He sold a considerable amount of goods, receiving a commission for his sales of from one and one-half to two cents a yard. Washer made payment of the amount of sales, less commissions, by checks. At some time he gave his cancelled checks to the Bureau of Internal Revenue for examination. He paid large amounts to Freitag and his companies. He paid by customers' checks and his own checks $280,190.33 during the year *281 1943 and $138,164.73 during 1944. Washer was told by Freitag to make payments of proceeds of sales to Bias Coating Corporation in some instances, and in other instances to either Bias Coaters Company or to Abraham Freitag, Eva Freitag, or Julius Levine. The proceeds which Washer paid to Freitag and other individuals were paid in cash. Korex Coating Company, a corporation, was organized in 1943 by Abraham Freitag and an individual named Lawrence to carry on a business of converting fabrics for the slipper and shoe industry. At some time Freitag became the owner of all of the stock of this company. In June 1944, Freitag sold 75 per cent of the stock of Korex Company to Louis Plever, who paid $19,000 by check and by cash to Abraham Freitag. Korex Company paid Freitag a salary during 1943. According to the books of Korex Company, the salary paid to Freitag during 1943 and 1944 amounted to $800 and $2,629, respectively. For the year 1943, the respondent determined that the petitioners received net income in the total amount of $105,407.78, representing dividends from Bias Coating Corporation in the amount of $97,107.78, compensation for services to Bias Coating Corporation in the amount *282 of $7,500, and compensation from Korex Coating Company in the amount of $800. Respondent determined that the income and victory tax on the 1943 net income amounted to $72,508.51. Since no return was filed and no tax was paid for 1943 the amount of $72,508.51 represented a deficiency in income and victory tax. The penalties added to the tax deficiency for 1943 were as follows: Fifty per cent of the deficiency, $36,254.26; and 25 per cent of the deficiency, $18,127.13; total penalties, $54,381.39. The joint income tax return for 1944 which was filed by the petitioners reported the following: Long-term capital gain of $4,775 from the sale of stock in Korex Coating Company; net loss of $15,978.93 from the business done under the name of Bias Coaters Company; income from miscellaneous sources in the amount of $70,000; and income from Korex Coating Company in the amount of $2,629.31. The adjusted gross income was reported as $61,425.38. The amount of the income tax reported on the return was $34,364.80. In his audit of the joint return of the petitioners for 1944, the respondent made determination as follows: (a) That petitioners had received but failed to report for taxation $7,500 *283 compensation and $16,796.48 dividends from Bias Coating Corporation, and $45 dividends from other sources, totalling $24,341.48 unreported income. (b) That petitioners had overstated in the return income from Korex Coating Corporation in the amount of $130.49, and gains from sales of securities in the amount of $155.83, the total overstatement of income amounting to $286.32.(c) That a deduction in the amount of $15,978.93, reported as a loss, was not allowable because it did not represent a loss sustained during the taxable year within the meaning of section 23(e) of the Internal Revenue Code. The determinations resulted in increasing the net income for 1944 by the net amount of $40,034.09, so that net income was determined to be $101,459.47, and the deficiency in income tax amounted to $33,830.42. The respondent added to the tax deficiency a 50 per cent penalty of $16,915.21, for failure to report income; and a 5 per cent penalty of $1,691.52 for the late filing of the 1944 return; total penalties, $18,606.73. Ultimate Findings of Fact Abraham Freitag individually and through Bias Coating Corporation and his other agencies and agents purchased goods under *284 priorities and resold them during 1943 and 1944 in violation of Federal statutes and regulations promulgated thereunder. The gross sales of Abraham Freitag, Bias Coaing Corporation and other agencies and agents of Abraham Freitag amounted to at least $459,826 in 1943, and $186,802 in 1944. The indictments of Abraham Freitag and Bias Coating Corporation in the United States District Court, and the convictions of Abraham Freitag on his pleas of guilty, were in respect to the operations from which the profits and income were derived for which deficiencies in tax and penalties were asserted by the respondent for 1943 and 1944. The selling operations of Harry Washer during 1943 and 1944 yielded income in 1943 and 1944 to Abraham Freitag and/or Bias Coating Corporation for which deficiencies in tax and penalties were asserted by the respondent for 1943 and 1944. Neither Abraham Freitag nor Bias Coating Corporation kept adequate records of transactions and of the income derived therefrom. The income tax returns of Bias Coating Corporation for 1943 and 1944 did not reflect income derived from operations for which the corporation was indicted in the United States District Court and to which *285 Freitag pleaded guilty for the corporation in District Court Docket Numbers C120-85 and C120-111, or from the selling operations of Harry Washer for the corporation. Bias Coating Corporation had net income in the amount of $97,107.78 in 1943, and $86,796.48 in 1944. Abraham Freitag received from Bias Coating Corporation distributions amounting to $97,107.78 in 1943, and $86,796.48 in 1944. He failed to report for income tax, $97,107.78 for 1943, and $16,796.48 for 1944 fraudulently with intent to evade Federal tax. He received, also, from Bias Coating Corporation as compensation for services rendered $7,500 in 1943, and $7,500 in 1944, which amounts he failed to report for income tax fraudulently with intent to evade Federal tax. Abraham Freitag received as compensation for personal services in 1943, $800 from Korex Coating Corporation. The income of Abraham Freitag for 1943, which he failed to report for income tax, amounted to $105,407.78. Part of the deficiency in income tax for the year 1943, $72,508.51, is due to fraud with intent to evade tax. The failure of Abraham Freitag to file an income tax return for 1943 was due to fraudulent intent to evade income tax. The income *286 of Abraham Freitag for 1944 which he received from Bias Coating Corporation, which he failed to report for tax, consisting of compensation for services and corporate distributions, aggregated $24,296.48. His understatement of income from this source was due to fraud with intent to evade tax. Part of the deficiency for 1944 is due to fraud with intent to evade tax. Petitioners received in 1944 dividends of $45 from other sources. Petitioners did not sustain a loss in 1944 in the amount of $15,978.93. Abraham Freitag received $2,629 from Korex Coating Company in 1944, which was reported in the joint return. Petitioners failed to make and to file income tax returns for the year 1943. The failure to make and to file returns was not due to reasonable cause but was due to willful neglect. Petitioners failed to file the joint return for the year 1944 within the time prescribed by the Commissioner in pursuance of law. The joint return was filed late, one day after the time prescribed by the Commissioner. The failure to file the return timely was not due to reasonable cause but was due to willful neglect. Opinion There are three general issues, and in two of them the burden of proof *287 fell upon the petitioners to introduce evidence to show that the respondent's determinations for 1943 and 1944 were incorrect. After due notice of trial, petitioners failed to appear and their counsel, who did appear, advised the Court that petitioners would not offer evidence. Respondent had the burden of proof under the third issue involving fraud penalties, and he offered evidence. No brief has been filed by petitioners. Petitioners made no appearance through counsel on the day when respondent presented evidence under his burden of proof. Petitioners filed a joint return for 1944 which was signed by both persons. The notice of deficiency was addressed to both petitioners by name and as "Husband and Wife." The petition in this proceeding was filed under the caption "Abraham Freitag and Eva Freitag, his wife, petitioners," and it was signed by Eva Freitag and Abraham Freitag. The petition does not raise any issue regarding the question of the joint and several liability of the petitioners for deficiencies and penalties for both years 1943 and 1944, and it does not raise any issue regarding the propriety of respondent's determination of joint and several liability for the year *288 1943, the year for which no return was filed. In the absence of the presentation of any issues by the pleadings on these matters, we do not consider any question of liability under such general issues. Cf. Joseph Calafato, 42 B.T.A. 881; aff'd., 124 Fed. (2d) 187. Issue 1. - Deficiencies in income tax for 1943 and 1944 Petitioners having failed to offer any evidence to overcome the prima facie correctness of the respondent's determinations that income from various sources was received in each taxable year, it has been found as a fact upon failure of proof that Abraham Freitag received income in 1943 which aggregated $105,407.78, and that he received income in 1944 in addition to that which was reported in the joint return in the aggregated amount of $24,296.48, plus $45 dividends from "other sources." It has been found also, for failure of proof, that petitioners did not sustain a loss in 1944 of $15,978.93. It has been found as a fact that compensation in 1944 from Korex Corporation amounted to $2,629. Under this general issue, respondent's determinations for 1943 and 1944 which have resulted in deficiencies in income tax for each year in the respective *289 amounts of $72,508.51 and $33,830.42, are sustained. The decision under separate order will be that there are deficiencies in income tax for the taxable years in the above amounts. Adjustment of a small item of compensation from Korex Corporation in 1944 has not been brought into issue, and in this connection respondent has not asked for any increase in the deficiency for 1944. [1]
Issue 2. - Penalties for failure to make and file returns imposed under section 291 (a) of the Internal Revenue Code Petitioners failed to offer evidence, as it was their burden to do, to show that the respondent erred in imposing a penalty of 25 per cent of the 1943 deficiency for failure to make and file income tax returns for 1943; and in imposing a penalty of 5 per cent of the 1944 deficiency for the late filing of the joint return for 1944. The penalty is an addition to the deficiency in each year. Accordingly, respondent's determinations *290 in adding to the deficiencies for 1943 and 1944 the 25 per cent and 5 per cent penalties under the provisions of section 291 (a) of the Internal Revenue Code are sustained upon the finding, for failure of proof, that the failure to file returns for 1943 and the late filing of the joint return for 1944 were not due to reasonable cause but were due to willful neglect. Issue 3. - Fraud penalties imposed under Section 293 (b) of the Internal Revenue Code It has been found in the findings of fact that Bias Coating Corporation paid Abraham Freitag as compensation for services $7,500 in each year 1943 and 1944, and that the corporation had distributable income of $97,107.78 and $86,796.48 in the respective taxable years. These findings have been made upon the basis of failure of proof, as stated above under Issue 1. But they have been made upon consideration, also, of all of the evidence adduced by the respondent. Having found that Abraham Freitag received income as above stated in the taxable years, there remains the question whether his failure to report such income for 1943 and his understatement of income for 1944 was fraudulent with *291 intent to evade tax. Under section 1112 of the Internal Revenue Code respondent had the burden of proving that all or part of the deficiencies are due to fraud. Respondent's evidence relates to all of his determinations that Abraham Freitag had certain items of income in 1943. With respect to respondent's determinations for 1944, his evidence under the fraud issue relates only to income received from Bias Coating Corporation as compensation and dividends. Therefore, our consideration of fraud with respect to the understatement of 1944 income does not relate to three items which respondent adjusted and added to the income of petitioners for 1944, namely, the loss deduction, the item of $45 of dividends, and the adjustment of income received from Korex Corporation. These proceedings involve two petitioners, a joint return of husband and wife having been filed for the year 1944 by Abraham Freitag and Eva Freitag, his wife, and both having signed the return. Respondent does not concede that the issue involving the fraud penalties does not involve Eva Freitag. There is no issue presented regarding the joint and several liability of the petitioners for the total *292 taxes and penalties. It is pertinent to observe that this Court has no jurisdiction over the collection of taxes. The determinations made by the respondent for 1943 and 1944 that "dividends" were received, but not reported for tax, from Bias Coating Corporation necessarily relates only to Abraham Freitag because he was the sole stockholder of the corporation. Other determinations for 1943 and 1944 relating to compensation for services to Bias Coating Corporation appear to involve only Abraham Freitag. During the year 1943, petitioners apparently lived together as husband and wife. Neither filed a separate return. No return was filed for 1943. Cf. Joseph Calafato, supra.For the year 1944, a joint return was filed. Respondent's evidence under the fraud penalty issue does not cover clearly and convincingly any activities or receipts of separate income by Eva Freitag for the years 1943 and 1944. We consider it necessary to point out that respondent's evidence under this issue does not relate to Eva Freitag. The record does not show that any of the income in question belonged to her. We mention this point to make it clear that our considerations under this issue do not *293 relate to the wife of Abraham Freitag. We observe that respondent made some effort to prove that Eva Freitag received income by drawing checks on the accounts of Bias Coaters Company, and that deposits in her bank account showed that she had funds in 1943 and 1944. Some items were read into the record by respondent's counsel from bank deposit books. This detail is not evidence that bank deposits represented income of Eva Freitag. It was not offered properly. It has not been considered. The findings of fact show all that the record contains regarding any alleged income of Eva Freitag. Our considerations of the evidence under this issue, therefore, relate only to Abraham Freitag. Respondent has failed to meet his burden of proof under the fraud penalty issue with respect to petitioner, Eva Freitag. The returns of petitioners for 1943 would have been due in March of 1944. At that time Bias Coating Corporation and Abraham Freitag had not been indicted in the United States District Court. Pleas of guilty to certain charges were not filed until May 25, 1945, which was after the joint return for 1944 was filed. In this proceeding there has been made in silence, by default under the issues *294 relating to the receipts of income in 1943 and 1944, admission that petitioner had some income in 1943 which gave rise to liability for income tax, and more income in 1944 than was reported. The entry of pleas of guilty to the many charges made by the Government against Freitag and his corporation have established that they purchased large quantities of goods illegally and sold them at above - O.P.A. prices in 1943 and 1944, and that, thereby, income from unlawful business practices was received by either Freitag, individually, or by his corporation, or both. Income from unlawful activities is subject to income tax under the broad scope of section 23 (a) of the Internal Revenue Code. See United States v. Sullivan, 274 U.S. 259. Since the income from unlawful operations was taxable, a return for 1943 was required, and complete disclosure of all taxable income for 1944 was required under statute. The fact that the income was acquired unlawfully did not relieve Freitag from the requirement of filing a return for 1943 and a complete disclosure of 1944 income, even though filing returns and revealing income would have brought Freitag before a Court for *295 violations of Federal laws. United States v. Sullivan, supra. Therefore, the dangers inherent in reporting to the Government all taxable income for the taxable years cannot be taken as raising any implications favorable to petitioner. Rather, it is reasonable to infer that petitioner willfully intended to conceal income received from his illegal business activities. Respondent has introduced evidence under his statutory burden of proof with respect to the fraud penalties, as he had to do. Petitioner's failure to appear did not relieve respondent of his burden of proof. See Miller-Pocahontas Coal Co., 21 B.T.A. 1360, 1362, where it was said, "It may be that the lack of opposition lightens the burden as a practical matter, but respondent is entitled to no more." Respondent relies upon the findings of his revenue agents made upon their investigations, the testimony of Harry Washer, and the complaints made by the Government in the three proceedings in the U.S. District Court to which pleas of guilty were entered. Because petitioner defaulted in the issues in which he had the burden of proof relating to the amounts of his income in the taxable years, and because respondent's *296 determinations that petitioner received certain items of income in 1943 and 1944 are prima facie correct, respondent has considered that his burden of proof did not extend to showing the amounts of petitioner's income for 1943 and 1944. Because of the prima facie correctness rule and petitioner's income for 1943 and 1944. Because of the prima facie correctness rule and petitioner's election not to overcome such by introduction of evidence, consideration of the fraud question starts with the conclusion that Freitag's income for 1943 was $105,407.78, and for 1944 was $101,459.47, and was understated for 1944 as respondent has determined. The only question is whether Freitags' failure to report income was fraudulent with intent to evade tax. Upon the evidence before us we must conclude that there was fraudulent intent to evade tax. Freitag and his corporation admitted to failing to keep records of transactions in violation of law. As respondent points out, failure of a business operator to keep books is indicative of intent to conceal assets in bankruptcy cases. See In re Weisberger, 41 Fed. (2d) 275. Taxpayers are required to keep records for tax purposes. Section 54 (a), Internal Revenue Code *297 ; Regulations 111, Sec. 29.54-1. No other conclusion can be drawn from the record before us, and particularly from testimony of Harry Washer, than that Freitag had the intent of arranging his affairs so that the Government would not easily discover his illegal business operations, and that the intent extended to concealing income from the reach of taxation. The question under this issue is controlled by Harry Feldman, 34 B.T.A. 517, 520, where it was said, in part, as follows: "All the revenue acts have required taxpayers to submit under oath 'true and accurate' returns, 'setting forth specifically the gross amount of income from all separates sources.' The returns thus made constitute the basis upon which the Government relies for the collection of its revenues. It has a right to rely upon such returns being correctly made, and a wilful omission of income, or a deliberate and intentional failure to report substantial amounts actually received, if not actually constituting a fraud upon it, is at least substantial evidence tending to establish fraud. (Cf. Joseph Cararoro, 29 B.T.A. 646; D.C. Clarke, 22 B.T.A. 314; Tanner Oil Co., 20 B.T.A. 794; *298 M. Rea Gano, 19 B.T.A. 518; Charles F. Long, 12 B.T.A. 488.)" It is held that petitioner, Abraham Freitag, willfully and intentionally omitted from his return for 1944 the substantial sum of $24,341.48, and willfully and intentionally failed to report substantial amounts of income which he actually received in 1943. The statutory provision, section 293 (b), Internal Revenue Code, provides for the penalty in question if any part of any deficiency is due to fraud. See Mauch v. Commissioner, 113 Fed. (2d) 555. Decision will be entered under Rule 50. Footnotes
1. Petitioners reported compensation from Korex in the 1944 return in the amount of $2,629.31, which respondent reduced to $2,498.82. S. Klinger testified that Korex paid Freitag $2,629 in 1944. Respondent passes over this item on brief.↩