T.C. Memo. 2003-282

UNITED STATES TAX COURT

ZENOBIA ELISIA CLARY ZIEGLER, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 7435-02.            Filed October 2, 2003.

<u>Dean E. Wanderer</u>, for petitioner.

<u>Nancy C. Carver</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

MARVEL, <u>Judge</u>:  This case arises from a request for relief
under section 6015[1] with respect to petitioner's 1998 taxable
year.  The issue for decision is whether respondent abused his

_____

[1]Unless otherwise indicated, all section references are to
the Internal Revenue Code in effect at all relevant times.
Monetary amounts are rounded to the nearest dollar.

discretion in denying petitioner relief under section 6015(f) for the taxable year 1998.

FINDINGS OF FACT

Some of the facts have been stipulated and are so found. The stipulation of facts is incorporated herein by this reference. Petitioner resided in Lake Ridge, Virginia, when she filed the petition in this case.

Petitioner was married to John L. Ziegler, Jr. (Mr. Ziegler), from 1990 until March 7, 2000. Petitioner separated from Mr. Ziegler in February 1999. Petitioner earned her bachelor's degree from Virginia State University. During 1998, petitioner was employed by the Commonwealth of Virginia and Suffolk County Schools, and Mr. Ziegler was employed as a U.S. Marshal.

Petitioner and Mr. Ziegler filed electronic joint Federal income tax returns for 1995, 1996, and 1997. In anticipation of filing a joint return with Mr. Ziegler for 1998, petitioner gave Mr. Ziegler her 1998 W-2, Wage and Tax Statements, which showed taxable income of $1,159 from Suffolk Public Schools and $1,680 from the Commonwealth of Virginia. Mr. Ziegler subsequently returned the W-2 statements to petitioner and informed her that he would file a separate income tax return because petitioner did not make enough money to require the filing of a return. However, without petitioner's knowledge, Mr. Ziegler arranged for

H&R Block to prepare and electronically file a joint return for 1998 that claimed an overpayment to be refunded of $7,457. Although Form 8453, U.S. Individual Income Tax Declaration for Electronic Filing, which was submitted to respondent with respect to the 1998 joint return, contained what purported to be the signatures of Mr. Ziegler and petitioner, petitioner did not sign the Form 8453. The 1998 joint return reported the earned income of Mr. Ziegler in the amount of $92,393 but did not include petitioner's earned income.

On or about March 8, 1999, respondent issued to petitioner and Mr. Ziegler a refund check in the amount of $7,457 on the basis of the refund claim made on the 1998 joint return. Petitioner discovered the refund check when she stopped at Mr. Ziegler's residence to retrieve mail, and she realized then that he must have filed a joint return for 1998. At Mr. Ziegler's request, petitioner deposited the refund check into Mr. Ziegler's individual bank account. Before depositing the check, petitioner obtained a copy of the 1998 return from H&R Block and reviewed it.

Petitioner did not live with Mr. Ziegler after they separated in 1999, and he did not pay any of her bills. Petitioner did not receive any part of the refund check issued with respect to the 1998 joint return.

Respondent sent petitioner and Mr. Ziegler a notice of deficiency, dated May 22, 2000, in which respondent determined that petitioner and Mr. Ziegler were liable for an income tax deficiency of $798 for 1998. The deficiency was based solely on petitioner's unreported W-2 income of $2,839. Respondent assessed the deficiency in June 2000.

Petitioner contacted respondent in July 2000 after receiving collection notices regarding the assessment of the liability for 1998. In October 2000, pursuant to advice from one of respondent's employees, petitioner filed a "married filing separate" return for 1998 reporting her taxable income of $2,839. Respondent initially processed the 1998 married filing separate return but later reversed the transaction because of respondent's position that petitioner already had filed a valid joint 1998 return. On March 12, 2001, respondent applied an overpayment of $923 from petitioner's 2000 taxable year to the unpaid balance of the 1998 assessment, paying it in full.

On March 19, 2001, petitioner contacted the local Taxpayer Advocate's Office in Richmond, Virginia, to request assistance with the 1998 assessment. Petitioner was dissatisfied with the response from the local office and contacted the National Taxpayer Advocate's Office, which explained to petitioner the reasons she was not entitled to relief.

On July 26, 2001, petitioner filed a Form 8857, Request for Innocent Spouse Relief, for 1998 requesting a refund of $923. On February 28, 2002, respondent sent petitioner a preliminary denial of her request for relief pursuant to section 6015(f), because the liability had been paid in full before petitioner filed her claim. On March 12, 2002, petitioner filed a Statement of Disagreement regarding the denial of her request for relief. On March 28, 2002, respondent issued a final notice denying petitioner relief from the 1998 joint liability. Respondent's denial rested solely upon Rev. Proc. 2000-15, sec. 4.01(4), 2000-1 C.B. 447, 448, which requires, with certain exceptions, that the disputed tax liability must remain unpaid in order for the Internal Revenue Service (IRS) to consider a request for equitable relief under section 6015(f). In denying petitioner relief under section 6015(f), respondent did not consider all of the factors set forth in Rev. Proc. 2000-15, supra. Petitioner timely filed a petition seeking redetermination of respondent's denial of relief from joint liability for 1998.[2] A trial was held on December 3, 2002.

On April 21, 2003, we filed our opinion in Washington v. Commissioner, 120 T.C. 137 (2003), in which we held that section 6015 applies to the full amount of any preexisting tax liability

_____

[2]Petitioner's ex-husband, Mr. Ziegler, died on May 10, 2002, before respondent notified him of these proceedings.

for a particular taxable year, if any of that liability remains unpaid as of July 22, 1998, and not just to portions of the tax liability that remain unpaid after July 22, 1998, the date of enactment of the Internal Revenue Service Restructuring and Reform Act of 1998 (RRA 1998), Pub. L. 105-206, sec. 3201(g)(1), 112 Stat. 740.  In so doing, we emphasized that "Section 6015 applies 'to any liability for tax arising after the date of the enactment of this Act [July 22, 1998] and any liability for tax arising on or before such date but remaining unpaid as of such date.'"  Washington v. Commissioner, supra at 154 (quoting RRA 1998 sec. 3201(g)).  We held that section 6015(g) permits a refund where relief from liability is granted under section 6015(f) and rejected the Commissioner's argument that the reference to "unpaid tax" contained in section 6015(f) operates to restrict relief under section 6015(f) to the portion of the tax liability in question that remained unpaid as of July 22, 1998.  Id. at 159.

On May 14, 2003, we issued an order remanding this case to respondent to reconsider petitioner's application for relief in light of our opinion in Washington and to report to us regarding the result of that reconsideration.  Pursuant to our order, respondent issued a determination dated July 3, 2003, concluding that petitioner did not qualify for relief under section 6015(f) and Rev. Proc. 2000-15, supra.  On August 7, 2003, the parties

submitted a joint status report requesting that respondent's determination of July 3, 2003, be made part of the record in this case.  In that report, petitioner stated that she does not agree with the conclusions reached in respondent's July 3, 2003, determination, and the parties agreed that no further trial proceedings are needed to supplement the record in this case.

OPINION

Generally, taxpayers filing a joint Federal income tax return are each responsible for the accuracy of their return and are jointly and severally liable for the full tax liability. Sec. 6013(d)(3); Butler v. Commissioner, 114 T.C. 276, 282 (2000).  However, in certain circumstances, a taxpayer may obtain relief from joint and several liability under section 6015.[3]

The relief afforded by section 6015(f) is available only to a taxpayer who filed a joint Federal income tax return for the year at issue.  Raymond v. Commissioner, 119 T.C. 191 (2002); see also Rev. Proc. 2000-15, 2000-1 C.B. 447.  In this case, petitioner argues that she is entitled to relief under section 6015(f) from joint and several liability arising from the filing of the 1998 joint return, but she also argues that she did not file a joint return for 1998.  Although petitioner was aware that

_____

[3]Sec. 6015 applies to tax liabilities arising after July 22, 1998, and to tax liabilities arising on or before July 22, 1998, but remaining unpaid as of such date.  Internal Revenue Service Restructuring and Reform Act of 1998, Pub. L. 105-206, sec. 3201(g), 112 Stat. 740.

she could request relief under section 6015(f) only if she had filed a joint return for 1998, petitioner, through her counsel, did not clearly state during trial that she conceded the joint return issue. However, we shall assume, for purposes of our analysis, that petitioner has effectively conceded that she filed or ratified the filing of a joint return for 1998 because she continues to assert she is entitled to relief under section 6015(f).[4]

Our jurisdiction to review petitioner's claim for relief is conferred by section 6015(e). This provision allows a spouse who has requested relief from joint and several liability to contest the Commissioner's denial of relief or to contest the

---

[4]The failure of one spouse to sign an income tax return before its filing does not necessarily mean that the return is not a joint return. Heim v. Commissioner, 27 T.C. 270 (1956), affd. 251 F.2d 44 (8th Cir. 1958). The determinative factor in deciding whether a filed return qualifies as a joint return is whether a husband and wife intended to file a joint return. Stone v. Commissioner, 22 T.C. 893 (1954). We have held that where a husband filed a joint return with no objection from his wife, who failed to file her own return, a presumption arises that the joint return was filed with the tacit approval of the wife. Heim v. Commissioner, supra at 273; see also Carroro v. Commissioner, 29 B.T.A. 646, 650 (1933).

In this case, petitioner knew that Mr. Ziegler had filed a joint return for 1998 when she saw the refund check issued in both of their names. She subsequently obtained a copy of the filed return and, knowing that her husband had filed a joint return for 1998, took the joint refund check and deposited it into her husband's account. But she made no effort to verify that the joint return included her earned income or to file a separate return reporting her earned income until July 2000 when she started to receive collection notices from respondent for the 1998 deficiency assessment.

Commissioner's failure to make a timely determination, by filing a timely petition in this Court. Sec. 6015(e). These cases are referred to as "stand alone" cases because they are independent of any deficiency proceeding. Sec. 6015(e)(1); <u>Mora v. Commissioner</u>, 117 T.C. 279 (2001); <u>Fernandez v. Commissioner</u>, 114 T.C. 324, 329 (2000).

In this stand alone case, petitioner relies upon section 6015(f) which authorizes respondent to grant equitable relief to those taxpayers who do not otherwise meet the requirements of section 6015(b) or (c) but who satisfy the requirements of section 6015(f)(1) and (2). Section 6015(f) provides:

> SEC. 6015(f). Equitable Relief.--Under procedures prescribed by the Secretary, if--
>
> > (1) taking into account all the facts and circumstances, it is inequitable to hold the individual liable for any unpaid tax or any deficiency (or any portion of either); and
> >
> > (2) relief is not available to such individual under subsection (b) or (c),
>
> the Secretary may relieve such individual of such liability.

The parties agree that petitioner is not eligible for relief under either section 6015(b) or (c).[5] Sec. 6015(f)(2). The

---

[5]In pertinent part, sec. 6015(b) provides relief from joint and several liability for an electing spouse who has filed a joint return that contains an understatement of tax attributable to the spouse not seeking relief. Sec. 6015(b)(1). Sec. 6015(c) provides relief from a joint deficiency for taxpayers who are

(continued...)

parties disagree, however, regarding whether it is inequitable to hold petitioner liable for the 1998 deficiency assessment, taking into account all of the relevant facts and circumstances. Sec. 6015(f)(1). Consequently, we must decide whether respondent abused his discretion in determining that petitioner was not entitled to relief under section 6015(f).[6] Cheshire v. Commissioner, 115 T.C. 183, 198 (2000), affd. 282 F.3d 326 (5th Cir. 2002); Butler v. Commissioner, supra at 291-292.

Pursuant to section 6015(f), the Commissioner has prescribed procedures in Rev. Proc. 2000-15, supra, that are to be used in determining whether an individual qualifies for relief under that section.[7] Rev. Proc. 2000-15, sec. 4.01, lists seven threshold conditions that must be satisfied before the IRS will consider a request for relief under section 6015(f). Subsequent to our May 14, 2003, order, respondent eliminated Rev. Proc. 2000-15, sec. 4.01(4), as a threshold condition for relief in this case. Respondent concedes that the remaining threshold conditions are satisfied in this case.

---

[5](...continued)
divorced, legally separated, or otherwise living apart. Refunds are not available under section 6015(c). Sec. 6015(g)(3).

[6]We consider respondent's July 3, 2003, determination as the final determination in this case.

[7]On Aug. 11, 2003, the Commissioner issued Rev. Proc. 2003-61, 2003-32 I.R.B. 296, which supersedes Rev. Proc. 2000-15, 2000-1 C.B. 447, effective for requests for relief filed on or after Nov. 1, 2003.

Where, as here, the requesting spouse satisfies the threshold conditions set forth in Rev. Proc. 2000-15, sec. 4.01, Rev. Proc. 2000-15, sec. 4.03, 2000-1 C.B. at 448, provides that equitable relief may be granted under section 6015(f) if, taking into account all facts and circumstances, it is inequitable to hold the requesting spouse liable.  Rev. Proc. 2000-15, sec. 4.03(1), 2000-1 C.B. at 448-449, lists the following six factors that the Commissioner will consider as weighing in favor of granting relief for the liability (positive factors):  (1) The requesting spouse is separated or divorced from the nonrequesting spouse; (2) the requesting spouse would suffer economic hardship if relief is denied; (3) the requesting spouse was abused by the nonrequesting spouse; (4) the requesting spouse did not know or have reason to know of the items giving rise to the deficiency; (5) the nonrequesting spouse has a legal obligation pursuant to a divorce decree or agreement to pay the liability; and (6) the liability is solely attributable to the nonrequesting spouse. Rev. Proc. 2000-15, sec. 4.03(2), 2000-1 C.B. at 449, lists the following six factors that the Commissioner will consider as weighing against granting relief for the liability (negative factors):  (1) The unpaid liability is attributable to the requesting spouse; (2) the requesting spouse knew or had reason to know of the item giving rise to the deficiency; (3) the requesting spouse significantly benefited (beyond the normal

support) from the unpaid liability; (4) the requesting spouse will not experience economic hardship if relief is denied; (5) the requesting spouse has not made a good-faith effort to comply with Federal income tax laws in the tax years following the tax year to which the request for relief relates; and (6) the requesting spouse has a legal obligation pursuant to a divorce decree or agreement to pay the liability.  No single factor is determinative in any particular case; all factors are to be considered and weighed appropriately; and the list of factors is not intended to be exhaustive.  See Washington v. Commissioner, 120 T.C. at 148; Jonson v. Commissioner, 118 T.C. 106, 125 (2002).

Respondent argues that petitioner is not eligible for relief under section 6015(f) because the negative factors in Rev. Proc. 2000-15, supra, outweigh the positive factors in that revenue procedure.  Respondent primarily relies on the following: Petitioner will not suffer economic hardship if she is denied relief; petitioner's income is the sole basis for the deficiency; and petitioner knew that her earned income was not included on the 1998 joint return.  On the basis of our review of the record in this case, we agree with respondent.

The record is devoid of any evidence demonstrating that petitioner will experience any economic hardship if relief from the liability is not granted.  Petitioner did not offer any proof

of her income, expenses, assets, or liabilities, nor did she offer any proof that her ability to sustain herself economically had been jeopardized by the application of her 2000 income tax refund to the 1998 liability.

Although petitioner testified that her husband was an alcoholic and was verbally and emotionally abusive, respondent points out that, at the time petitioner discovered that her income had been omitted on the joint return, she was already separated from her husband. Petitioner failed to file an amended joint return, and she did not attempt to file a married filing separate return for 1998 until she received collection notices.

The record establishes that petitioner knew or had reason to know of the item giving rise to the deficiency because that item consisted solely of her own income. She had actual knowledge or reason to know that her income had been omitted when she received a copy of the 1998 return from H&R Block.

Petitioner's principal argument focuses on the inequities of her situation. Petitioner testified that she was misled by Mr. Ziegler regarding the need to report her earned income on the 1998 joint return that he prepared and filed on their behalf, and she argues that she did not significantly benefit from the joint refund issued for 1998. Although it appears from the sparse record that petitioner was misled by Mr. Ziegler and that she did not receive or directly benefit from the refund claimed on the

1998 joint return, petitioner's equitable argument is not enough to overcome evidence that the omitted income was <u>her</u> earned income and that she knew or had reason to know the income had been omitted from the 1998 joint return.  Petitioner's equitable argument is also insufficient to overcome a record devoid of any evidence regarding economic hardship.

On the record before us, we find that petitioner has failed to carry her burden of establishing that respondent abused his discretion in denying her relief under section 6015(f).

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent.</u>