**PURSUANT TO INTERNAL REVENUE CODE SECTION 7463(b),THIS OPINION MAY NOT BE TREATED AS PRECEDENT FOR ANY OTHER CASE.**

T.C. Summary Opinion 2014-42

UNITED STATES TAX COURT

MARIA CORBISIERO, Petitioner, AND
JOHN A. SNIDER, JR., Intervenor <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 3356-13S.                    Filed April 28, 2014.

<u>Jack E. Thornton, Jr.</u>, for petitioner.

John A. Snider, Jr., pro se.

<u>James Roland Rich</u>, for respondent.

SUMMARY OPINION

ARMEN, <u>Special Trial Judge</u>:  This case was heard pursuant to the

provisions of section 7463(f)(1) of the Internal Revenue Code in effect when the

petition was filed.[1]  Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

By Final Appeals Determination dated December 31, 2012, respondent granted partial relief under section 6015(f) to petitioner regarding her claim for relief from joint and several liability for Federal income tax for 2007.  Petitioner timely filed a petition with this Court under section 6015(e) seeking review of respondent's determination and requesting full relief.  Thereafter, petitioner's former spouse filed a notice to intervene pursuant to Rule 325(b) opposing any relief to petitioner.

The sole issue for decision is whether petitioner is entitled to relief from joint and several liability under section 6015(f) for 2007.[2]

Background

Some of the facts have been stipulated, and they are so found.  The stipulation of facts and the accompanying exhibits are incorporated herein by this

---

[1] Unless otherwise indicated, all subsequent section references are to the Internal Revenue Code in effect at all relevant times, and all Rule references are to the Tax Court Rules of Practice and Procedure.

[2] At trial respondent conceded that petitioner is entitled to full relief under sec. 6015(f).  Intervenor continues to contend that petitioner should not be granted any relief whatsoever.

reference. Petitioner resided in the State of North Carolina when the petition was filed.

Petitioner and intervenor were married for approximately 20 years. After petitioner and intervenor's children were born, petitioner worked as a homemaker. Petitioner was not employed outside of the home in 2007, and she had not been so employed for approximately 15 years prior thereto.

During petitioner's marriage, intervenor owned and managed a corporation, Preferred Rent-A-Jon, Inc. (business). Petitioner assisted intervenor approximately one day a week in his business by performing office work, such as preparing invoices or depositing checks. Petitioner was not an employee of the business, nor did she receive any income from it in 2007.

Although petitioner and intervenor had a joint personal bank account, they maintained a low balance and generally did not use such account for their personal expenses. Rather, the couple's personal expenses, for items such as groceries, clothing, and recreation, were paid from funds in intervenor's business bank account.

During their marriage petitioner and intervenor filed joint Federal income tax returns. Petitioner was not involved in the preparation of such returns.

In mid-January 2010 petitioner and intervenor filed a joint income tax return for the 2007 tax year. Petitioner did not provide any information to the preparer in the preparation of that return, nor was she otherwise involved in its preparation.

Petitioner did not sign the 2007 return. However, she did not object to its filing, nor did she seek to disavow it.

At the time that the 2007 return was filed, petitioner was aware that it reported a liability. However, at the time that the return was filed, petitioner reasonably thought, on the basis of the couple's past taxpaying history, that the amount owing would be paid by intervenor within a reasonable period of time from his business income.

Petitioner and intervenor separated in July 2010, and their divorce was finalized in November 2012.

On June 14, 2011, after the couple had separated but before their divorce become final, petitioner filed Form 8857, Request For Innocent Spouse Relief, for the 2007 tax year. On December 31, 2012, after the couple's divorce had become final, respondent issued the Final Appeals Determination partially granting petitioner's request for relief under section 6015(f). Petitioner then filed a timely petition with this Court in February 2013. Thereafter, in May 2013, intervenor

filed a notice of intervention arguing that petitioner should not be granted any innocent spouse relief whatsoever.

Petitioner is currently employed and earns approximately $29,000 per year, which represents the sole source of her support. Petitioner's income barely exceeds her basic, everyday expenses. Petitioner's financial circumstances on the date of trial were essentially the same as at the time that she filed her request for relief with respondent.

As previously noted, respondent conceded at trial that petitioner is entitled to full innocent spouse relief under section 6015(f). In contrast, intervenor continues to argue that petitioner is not entitled to any relief whatsoever.

## Discussion

Married taxpayers may elect to file a joint Federal income tax return. Sec. 6013(a). Generally, each spouse filing the return is jointly and severally liable for the entire tax due. Sec. 6013(d)(3). Pursuant to section 6015, however, a taxpayer may seek relief from joint liability.

Petitioner contends that she should be granted relief from joint and several liability pursuant to section 6015(f). Generally, the spouse requesting relief bears the burden of proof. See Rule 142(a); Alt v. Commissioner, 119 T.C. 306, 311 (2002), aff'd, 101 Fed. Appx. 34 (6th Cir. 2004). However, to the extent that the

Commissioner is no longer an adverse party to the taxpayer (here because respondent agrees that petitioner is entitled to full relief) and the intervenor opposes any relief, the burden of proof would presumably shift to the intervenor. See Stergios v. Commissioner, T.C. Memo. 2009-15, 2009 WL 151485, at \*4 (citing King v. Commissioner, 115 T.C. 118 (2000), and Corson v. Commissioner, 114 T.C. 354, 363 (2000)).  However, we need not decide whether the burden of proof shifts to intervenor in the instant case because we decide the issue by a preponderance of the evidence.  See Stergios v. Commissioner, T.C. Memo. 2009-15; see also Porter v. Commissioner, 132 T.C. 203, 210 (2009) (holding that in reviewing the Commissioner's determination under section 6015(f), the Court applies a de novo standard of review as well as a de novo scope of review).

I.  Joint Federal Income Tax Return for 2009

Section 6013(a) provides that a husband and wife may file a joint income tax return.[3]  Generally, a joint income tax return must be signed by both spouses. Sec. 1.6013-1(a)(2), Income Tax Regs.

Petitioner argues that because she did not sign the 2007 tax return, she did not file a return for that year.  We disagree.

---

[3] Because their divorce was not finalized until 2012, petitioner and intervenor were eligible to file a joint return for 2007.  See sec. 1.6013-4(a), Income Tax Regs.

Whether an income tax return is a joint return or a separate return of the other spouse is a question of fact.  Harrington v. Commissioner, T.C. Memo. 2012-285, at *8 (citing Heim v. Commissioner, 27 T.C. 270 (1956), aff'd, 251 F.2d 44 (8th Cir. 1958)).  The determinative factor in deciding whether a filed return qualifies as a joint return is whether a husband and wife intended to file a joint return.  Ziegler v. Commissioner, T.C. Memo. 2003-282, 2003 WL 22255664, at *3 n.4 (citing Stone v. Commissioner, 22 T.C. 893 (1954)).  In evaluating intent, this Court has considered whether the nonsigning spouse filed a separate return, whether the nonsigning spouse objected to the joint filing, and whether the prior filing history indicates an intent to file jointly.  Harrington v. Commissioner, at *8.

Although the Commissioner's determination of "jointness" generally has a presumption of correctness, and the taxpayer has the burden of proving it wrong, Welch v. Helvering, 290 U.S. 111, 115 (1933), in the case of a spouse who does not sign a purported joint return the presumption is removed and the burden of producing additional evidence that a joint return was filed shifts to the Commissioner, O'Connor v. Commissioner, 412 F.2d 304, 309 (2d Cir. 1969), aff'g in part, rev'g in part T.C. Memo. 1967-174; Carrick v. Commissioner, T.C. Memo. 1991-502.

There is an exception to the general rule that, to constitute a valid joint return, the return must be signed by both taxpayers. This exception holds that if an "income tax return is intended by both spouses as a joint return, the absence of the signature of one spouse does not prevent their intention from being realized." Estate of Campbell v. Commissioner, 56 T.C. 1, 12 (1971). The rule is generally applied when one spouse signs a joint return (usually for both spouses) and it is shown that the other spouse has tacitly consented to the joint return filing. This is commonly referred to as the tacit consent rule. See, e.g., Hennen v. Commissioner, 35 T.C. 747, 748 (1961); Reifler v. Commissioner, T.C. Memo. 2013-258, at *15; Harris v. Commissioner, T.C. Memo. 1961-324. Accordingly, although the ultimate burden of proof remains with the taxpayer, the Commissioner bears the burden of going forward with evidence from which the Court could conclude that the nonsigning spouse intended to file the purported joint return. Esposito v. Commissioner, T.C. Memo. 1991-262 (citing Douglass v. Commissioner, T.C. Memo. 1984-369).

Respondent has satisfied his burden of production. First, petitioner and intervenor had previously filed their Federal income tax returns as "married filing jointly". Second, petitioner was aware that the return had been filed, but she made no effort to disavow it. In view of these facts, petitioner has not satisfied her

burden of establishing that she did not intend to file a joint return with intervenor; rather, the tacit consent rule applies. Consequently, the return filed for 2007 is a valid joint return.

## II.  Relief Under Section 6015

As previously stated, when a husband and wife elect to file a joint Federal income tax return pursuant to section 6013(a), each spouse becomes jointly and severally liable for the tax due on the spouses' aggregate income. See sec. 6013(d)(3). Nevertheless, an individual who has made a joint return may elect to seek relief from joint and several liability under subsections (b), (c), and (f) of section 6015. Sec. 6015(a), (f). Such relief may, or may not, be available depending on the particular facts and circumstances of the individual's situation.

### A.  Relief Under Section 6015(b) and (c)

Relief may be available under section 6015 depending on if the proceedings arise from an understatement of tax or an underpayment of tax. Under section 6015(b) and (c), relief is available only from an understatement or a deficiency and not from an underpayment of income tax reported on a joint return. Wilson v. Commissioner, 705 F.3d 980, 983-984 (9th Cir. 2013), aff'g T.C. Memo. 2010-

134; Rev. Proc. 2013-34, sec. 2.04, 2013-43 I.R.B. 397, 397.[4] In the instant case, petitioner's liability did not arise from an understatement of tax or a deficiency but rather from an underpayment of tax that was reported on the 2007 return. Accordingly, relief under section 6015(b) or (c) is not available to petitioner, and we therefore turn to section 6015(f) to decide whether relief is available under that provision.

B. Equitable Relief Under Section 6015(f)

As relevant herein, a requesting spouse who is unable to qualify for relief pursuant to section 6015(b) or (c) may nonetheless avoid joint and several liability if, taking into account all of the facts and circumstances, it is inequitable to hold that individual liable for any unpaid tax. Sec. 6015(f)(1) and (2). Where the Commissioner initially denies a requesting spouse full equitable relief under section 6015(f), such individual may petition the Court to determine the appropriate relief available. Sec. 6015(e)(1)(A). Our charge under section 6015(f) is to decide whether a taxpayer is entitled to equitable relief on the basis of all the facts and circumstances. Sriram v. Commissioner, T.C. Memo. 2012-91. We

---

[4] Rev. Proc. 2013-34, 2013-43 I.R.B. 397, modifies and supersedes Rev. Proc. 2003-61, 2003-2 C.B. 296, and is effective for requests for relief filed on or after September 16, 2013, or for requests for equitable relief pending on September 16, 2013, whether with the IRS, its Office of Appeals, or in a case docketed in a Federal court. Rev. Proc. 2013-34, sec. 7, 2013-43 I.R.B. at 403.

decide de novo whether equitable relief is warranted under section 6015(f). Porter v. Commissioner, 132 T.C. at 210.

Pursuant to his grant of authority under section 6015(f), the Commissioner has established guidelines for determining whether an individual qualifies for equitable relief. Rev. Proc. 2013-34, supra, modifying and superseding Rev. Proc. 2003-61, 2003-2 C.B. 296. The Court considers these guidelines in light of the attendant facts and circumstances to decide whether equitable relief is appropriate, but the Court is not bound by them. Pullins v. Commissioner, 136 T.C. 432, 438-439 (2011); Sriram v. Commissioner, T.C. Memo. 2012-91.

### 1. Threshold Requirements

The Commissioner's guidelines begin by establishing threshold requirements that must be satisfied before an equitable relief request may be considered. Rev. Proc. 2013-34, sec. 4.01, 2013-43 I.R.B. at 399-400. The threshold requirements are: (1) The spouse filed a joint return for the taxable year for which the spouse seeks relief; (2) relief is not available to the spouse under section 6015(b) or (c); (3) the claim for relief is timely filed; (4) no assets were transferred between the spouses as part of a fraudulent scheme; (5) the nonrequesting spouse did not transfer disqualified assets to the requesting spouse; (6) the requesting spouse did not knowingly participate in the filing of a fraudulent

the tax return; and (7) with several exceptions,[5] the tax liability from which the spouse seeks relief is attributable to an item of the nonrequesting spouse. Id. If the liability is partially attributable to the requesting spouse, then relief can be considered only for the portion of the liability attributable to the nonrequesting spouse. Id.

A requesting spouse that satisfies the threshold conditions listed above must then demonstrate that equitable relief is appropriate under certain factors. Id. sec. 4.02 and 4.03, 2013-43 I.R.B. at 400. Thus, if the requesting spouse satisfies the so-called streamlined conditions under Rev. Proc. 2013-34, sec. 4.02, relief will be granted. If, however, streamlined relief is not available, then the Commissioner will look to the facts and circumstances, as set forth in Rev. Proc. 2013-34, sec. 4.03, to determine whether innocent spouse relief is available to the requesting spouse under that provision of the revenue procedure.

_____

[5] These exceptions are: (1) Attribution solely due to the operation of community property law; (2) nominal ownership; (3) misappropriation of funds intended for the payment of tax; (4) abuse; and (5) fraud committed by the nonrequesting spouse as the reason for the erroneous item. Rev. Proc. 2013-34, sec. 4.01(7), 2013-43 I.R.B. at 399-400.

Respondent concedes that petitioner meets all of the threshold conditions in respect of the entire tax liability.[6] Intervenor has given us no reason to think that petitioner has not satisfied any of the threshold requirements. In any event, on the basis of the record before us, we conclude that petitioner has satisfied all of the threshold requirements. Accordingly, we consider next whether petitioner is entitled to streamlined relief pursuant to Rev. Proc. 2013-34, sec. 4.02.

### 2. Streamlined Requirements

When the threshold conditions have been satisfied, the Commissioner will ordinarily grant relief with respect to an underpayment of tax if the requesting spouse meets each of the so-called streamlined requirements set forth in Rev. Proc. 2013-34, sec. 4.02. That section permits relief if all of the following requirements are satisfied: (1) On the date that the Service makes a determination, the requesting spouse is no longer married to the nonrequesting spouse; (2) on the date that the requesting spouse reasonably believed that the joint return was filed, the requesting spouse did not know or have reason to know that the nonrequesting spouse would not or could not pay the underpayment of the tax reported on the

---

[6] Rev. Proc. 2013-34, supra, relaxed the timely filing requirements of Rev. Proc. 2003-61, supra. As respondent concedes that petitioner satisfied the more restrictive timely filing requirements of the earlier revenue procedure, she has necessarily satisfied the more liberal one of the current revenue procedure.

return at that time or within a reasonable period of time after the filing of the return; and (3) the requesting spouse would suffer economic hardship if relief were not granted.

At the time that respondent made the determination regarding the request for relief, petitioner was no longer married to intervenor. Thus, the first requirement is satisfied.

Petitioner convincingly testified that she thought that the couple's tax liability would be paid from the income from intervenor's business, as this was the standard practice for their other personal expenses. Petitioner did not know or have reason to know that the full tax liability would not be paid. Thus, the second requirement is satisfied.

Finally, petitioner earns approximately $29,000 per year. Her income barely matches her basic living expenses. Respondent determined, and we agree based on the record before us, that petitioner would suffer economic hardship if relief were not granted. Thus, the third requirement is satisfied.

In sum, petitioner satisfies all of the streamlined requirements. Intervenor has given us no reason to think that disposition on this basis is inappropriate, and there is nothing in the record that would negate such approach. Therefore,

pursuant to Rev. Proc. 2013-34, sec. 4.02, and as conceded by respondent,

petitioner is entitled to full innocent spouse relief for 2007 under section 6015(f).

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for petitioner</u>.